IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CASEY STRAHAN<br>   and<br>(2) SHANTILLE STRAHAN,<br><br>           Plaintiffs,<br><br>v.<br><br>(1) ALLSTATE INDEMNITY COMPANY,<br>   and,<br>(2) MONICA BAKER AGENCY, INC.,<br><br>           Defendants. | Case No. CIV-14-1392-C<br><br>Removed From<br>District Court of Oklahoma County<br>Case No. CJ-2014-6495 |

## NOTICE OF REMOVAL

Defendant, Allstate Indemnity Company ("Defendant"), respectfully submits this Notice of Removal of the above-styled action to the United States District Court for the Western District of Oklahoma, under diversity jurisdiction. This action was originally filed in the District Court of Bryan County, Oklahoma, on August 1, 2014, and docketed as case number CJ-2014-113. When filed, this matter was not removable. On November 20, 2014, the Bryan County District Court transferred this matter to the Oklahoma County District Court after finding that Plaintiffs' choice of venue was improper. On November 25, 2014, Plaintiffs' written discovery responses received by Allstate revealed for the first time that this matter had become removable to federal court. Consequently, Defendant's removal is timely.

Copies of all pleadings and process filed in this action to-date are attached as Exhibits 1 through 13. A copy of the applicable Docket Sheets from the State court actions are also attached as Exhibits 14 and 15.

## I.     DIVERSITY OF CITIZENSHIP

Subject matter jurisdiction exists under 28 U.S.C. § 1332 between Plaintiffs and Defendant. Plaintiffs are citizens of the State of Oklahoma. (Ex. 1, ¶ 1). Defendant is an Illinois corporation with its principal place of business in Illinois. The Monica Baker Agency, Inc. ("Agency"), is an Oklahoma corporation. (Ex. 1, ¶ 3). However, the non-diverse Agency's current presence in this suit does not defeat removal.

### A.     The Agency's Continued Joinder In This Action Is Fraudulent Because The Petition Fails To State A Viable Claim Against It Under Oklahoma Law.

The Court should enforce its diversity jurisdiction because the Agency's continued joinder in this case is fraudulent and all purported claims against it should be dismissed.[1] According to the United States Supreme Court, the right of removal cannot be defeated by a fraudulent joinder. *See*, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "The joinder of a resident defendant against whom no cause of action is stated is patent sham…and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists…." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

---

[1] Although referred to as the doctrine of "fraudulent joinder", a finding of actual fraud is not required. "The issue, rather, is whether the claim against the nondiverse party is hopelessly lacking in merit—a condition which can, and often does, exist even in the absence of a fraudulent pleading." *Redhat v. Gen. Binding Corp.*, 2008 WL 1944711 (May 1, 2008, W.D. Okla.).

Plaintiffs allege two claims against the Agency arising out of their hurried purchase of a renter's insurance policy within minutes of a wildfire they knew was headed towards them: (1) promissory estoppel, and (2) negligent procurement of insurance. (Ex. 1, ¶¶ 32-42). For the promissory estoppel claim, Plaintiffs allege that the Agency, who was the agent of the disclosed principal (Allstate), should be required to pay their claim even though their contract was with only the principal. (*Id*. ¶¶ 10, 20, 33-37). For the negligence claim, Plaintiffs allege that the Agency failed to obtain a renter's policy providing $40,000 in personal property coverage despite also alleging that they received the exact policy type and coverage amount requested. (*Id*. ¶¶ 13, 33, 39-42).

Here, the Petition fails to state <u>viable</u> claims against the Agency for either promissory estoppel or negligence for the same reason—<u>within the last 30-days Plaintiffs asserted in writing that Allstate has now paid them the amount of coverage sought under the policy in dispute</u>. Plaintiffs stated this in their responses to Defendant's discovery requests which were served on Allstate on November 25, 2014. (Ex. 16). There, in response to Interrogatory No. 11 which asked for information regarding personal property Plaintiffs claim was lost in the wildfire, Plaintiffs stated the following:

**Allstate has paid the policy limits of the policy….**

(*Id*. p. 6) (emphasis added); (*see also, id*., Pls' Resp. to RFP. No. 8, "Allstate has paid the policy limits of the policy…."). This written assertion recently provided to Allstate negates Plaintiffs' claims for promissory estoppel and negligence because they now state Allstate has paid the policy limits. Consequently, these claims fail as a matter of law.

Additionally, Plaintiffs' promissory estoppel claim is also not viable because an agent of a disclosed principal is not liable for breach of the resulting contract. *Shebester v. Triple Crown Insurers*, 826 P.2d 603, 608 (Okla. 1992) (refusing to create a new tort to hold an agent of a disclosed principal liable for failure to pay insurance proceeds); *Loftis v. LaSalle*, 434 P.2d 221, 225 (Okla. 1967) ("The fact that a contract is effected through an agent who receives a commission for his services does not make the agent a necessary or proper party plaintiff in a suit by the principal to enforce the contract or for damages for its breach."). In the Petition, Plaintiffs contend that the Agency was an "agent" for Allstate (the principal) during the sale of the policy. (Ex. 1, ¶¶ 10, 33). Plaintiffs also contend that only they and Allstate were parties to the insurance contract—not the Agency. (*Id.* ¶¶ 13, 20). Oklahoma law on this issue is clear—Plaintiffs' promissory estoppel claim fails as a matter of law.

It is undisputed that Plaintiffs cannot maintain their claims against the Agency and amendment would clearly be futile. These facts support the obvious conclusion—the Agency's continued presence in this action is fraudulent and it should be dismissed.

    **B.**    **Plaintiffs Procedurally Misjoined The Agency With The Other Claims Asserted.**

Additionally, the Court should protect its diversity jurisdiction because Plaintiffs "procedurally misjoined" the supposed claims against the Agency. Unlike fraudulent joinder, procedural misjoinder occurs when a plaintiff improperly joins an unrelated claim against a nondiverse defendant, thereby preventing removal. *See, Cline v. Blackmon Mooring of Oklahoma City, Inc.,* 2012 WL 255675 (W.D. Okla. Jan. 27,

2012); *Stone v. Zimmer, Inc.*, 2009 WL 1809990 (S.D. Fla. June 25, 2009). Under Rule 20, a defendant may be joined if the claim against it arises out of the same transaction or occurrence and shares a common question of law or fact with the other claims.

Here, the Agency has been misjoined because the claims against it not only fail as a matter of law but are also factually and legally distinct from Plaintiffs' claims against Allstate. The **core issue** of every claim in the Petition against Allstate **is how it allegedly handled Plaintiffs' claim**. (Ex. 1, ¶¶ 17, 18, 23, 24, 28). On the other hand, the "claims" against the Agency (even though they are not viable under Oklahoma law) relate to when it "**sold**" the policy to Plaintiffs. (*Id.*, ¶¶ 33-42). Oklahoma law is well-settled that "the conduct of the insurer and the agent in selling and issuing the policy, cannot give rise to the tort of bad faith breach of an insurance contract." *Claborn v. Wash. Nat'l Ins. Co.*, 910 P.2d 1046, 1051 (Okla. 1996). It is also well-settled that an agent cannot be liable for bad faith breach of contract since the agent is a stranger to the contract. *St. Paul Reinsurance Co. Ltd. V. Club Services Corp.*, 30 Fed.Appx. 834 (10th Cir. 2002). The Agency has been procedurally misjoined in this action.

As demonstrated above, the Petition fails to state a viable claim against the Agency and, even if it had, such claims are not properly joined in this action. Therefore, the removal of this action to federal court is proper as there is diversity of citizenship between the appropriate parties. The Court should protect its diversity jurisdiction by dismissing or remanding the Agency to state court pursuant to Fed.R.Civ.P. 21.

## II. REQUISITE AMOUNT IN CONTROVERSY.

Jurisdiction is also proper under the diversity statute because the amount in controversy, exclusive of interests and costs, is in excess of $75,000.00. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). According to the Tenth Circuit Court of Appeals, the removing party only has to demonstrate by a preponderance of the evidence "jurisdictional facts that made it **possible** that $75,000 was in play….It is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)(emphasis added). The removing party may establish the amount in controversy in various ways, including the petition, an estimate of potential damages based on the allegations in the petition, the plaintiff's settlement demands, or other supporting documentation such as estimates and affidavits. (*Id.* pp. 954-956). Once the jurisdictional facts are established, remand is appropriate only when it is "legally certain" that the plaintiff cannot recover more than $75,000. (*See, id.* p. 955).

Here, the jurisdictional amount is met because Plaintiffs have now provided information that the total of claimed actual damages, punitive damages and attorney fees exceeds $75,000. First, when Plaintiffs filed the Petition they failed to comply with the Oklahoma Pleading Code because they only alleged claims against Allstate for breach of

contract and bad faith "in excess of Ten Thousand Dollars ($10,000)" for each claim.[2] (Ex. 1, ¶¶ 25, 29). However, on November 25, 2014, Plaintiffs revealed in their responses to Defendant's interrogatories that they believe "**[t]he value of Plaintiff's [sic] <u>contract claim against Allstate exceeds the policy limits</u>**" which are alleged to be $40,000. (*Compare*, Ex. 16, p. 5, Pls.' Resp. to Int. No. 10 (emphasis added), *with* Ex. 1, p. 3, ¶ 13). Consequently, Plaintiffs believe that their actual damages, by themselves, are <u>more than $50,000</u> ($40,000+ contract claim and $10,000+ bad faith claim).

Second, in addition to claimed actual damages in excess of $50,000, Plaintiffs are seeking <u>attorneys' fees incurred</u> during the pendency of this lawsuit pursuant to 36 O.S. § 3629. (Ex. 16, p. 5, Pls.' Resp. to Int. No. 10); *Miera v. Diaryland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)(holding reasonable estimate of attorneys' fees recoverable under state law are to be considered when determining the amount in controversy). It is likely that more than $25,000 in attorneys' fees will be generated by this dispute. Lawsuits like the present case alleging breach of contract, tortious bad faith, promissory estoppel, and negligence against an insurance agency and a disclosed principal regarding the sale of the policy and the claims handling process, and conduct alleged to be "intentional and malicious" require a substantial expenditure of time, effort and money to establish the Plaintiffs' claims. (Ex. 17, ¶ 4). This is especially true when a plaintiff attacks both the

---

[2] The Oklahoma Pleading Code prohibits pleadings alleging damages "in excess of Ten Thousand Dollars ($10,000)" and requires a plaintiff to affirmatively plead whether the amount of actual damages and punitive damages <u>each</u> exceed the amount required for diversity jurisdiction. 12 O.S. §§ 2008, 2009. Nonetheless, Plaintiffs failed to comply with these requirements of Oklahoma law to avoid stating the amount in controversy and defeat removal to federal court.

claim itself and the underlying processes and procedures regarding claim handling. (*Id.*) Considerable money, time and effort are also needed to explore and respond to such sweeping allegations, lengthy discovery requests, and other significant and time-consuming legal work on matters far beyond merely Plaintiffs' own insurance claim for benefits. (*Id.*). Cases of this nature typically require extensive discovery and will likely generate discovery disputes. (*Id.*). These disputes frequently involve briefing to the Court regarding multiple topics and specific documents along with the legal effect of such documents, records and materials sought. (*Id.*). Once discovery is produced, the amount of materials exchanged will reasonably take significant time to analyze. (*Id.*) Consequently, these facts, combined with Plaintiffs' belief that their actual damages alone far exceed $50,000 demonstrate there is clearly more than the requisite jurisdictional amount at issue in this matter. (*Id.* ¶ 5).

Third, the fact that Plaintiffs' allegations trigger "Category II" punitive damages also demonstrates that more than $75,000 is at issue. *McPhail*, 529 F.3d at 957 (holding that punitive damages allowed by state law are to be considered when determining the amount in controversy). According to the Petition, Plaintiffs allege that "Allstate's breach of the duty of good faith and fair dealing was intentional and malicious." (Ex. 1, p. 6, ¶ 30). Under Oklahoma law, Category II damages allow a <u>far greater</u> recovery when the defendant "acted intentionally and with malice." 23 O.S. § 9.1. Although Defendant denies Plaintiffs' allegations, awardable damages under Category II may be in an amount not to exceed **the greater of** (1) $500,000.00, (2) twice the actual damages sustained, or (3) "the increased financial benefit derived by the defendant or insurer as a direct result of the conduct causing the injury to the plaintiff and other persons or entities". (*Id.*).

Here, the allegations that Defendant acted intentionally and maliciously towards Plaintiffs demonstrates their intent to maximize the amount of Category II punitive damages believed to be recoverable in this case. Even if the Court were to determine that Plaintiffs sought only Category I damages, the maximum amount of those damages is $100,000. (23 O.S. § 9.1(B)).

In sum, there is no question that more than $75,000 is in dispute in this case. Plaintiffs admit that they believe actual damages are far in excess of $50,000. The remaining jurisdictional amount, $25,000.01, is clearly in dispute given Plaintiffs' demands to recover Category II punitive damages for "intentional and malicious" conduct, and attorneys' fees—both of which are based on allegations of wrongdoing during the sale and at virtually every level of the claims handling process (which Defendant denies). Consequently, the jurisdictional amount is met.

### III.   CONSENT OF CO-DEFENDANT.

When a civil action is removed based on federal diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, counsel for Allstate has conferred with counsel for the Agency and is authorized to state that the Agency consents to this removal.

### CONCLUSION

The United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute and Defendant is entitled to have this action removed to federal court. Defendant requests that the Court dismiss or remand all

alleged claims against the Agency pursuant to Fed.R.Civ.P. 21.  In addition, dismissal or remand is proper because Plaintiffs have wrongfully joined claims against the Agency as well as procedurally misjoined them to this action in order to defeat removal.  Therefore, Defendant requests that the Court assume original jurisdiction of this action and proceed with it to completion.

Respectfully submitted,

  s/ RONALD L. WALKER
RONALD L. WALKER, OBA #9295
JERRY D. NOBLIN, JR. OBA #20296
TOMLINSON · RUST · MCKINSTRY · GRABLE
Two Leadership Square, Suite 450
211 North Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone:  405/606.3370
Facsimile:  877/917.1559
ronw@TRMGlaw.com
jerryn@TRMGlaw.com

*Attorneys for Defendant Allstate Indemnity Company.*

## **CERTIFICATE OF SERVICE**

☒     I hereby certify that on the 16th day of December 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Simone G. Fulmer, OBA # 17037 | C. William Threlkeld, OBA #9005 |
| Carin Marcussen, OBA #19869 | Clayton W. Cotton, OBA #31028 |
| FULMER GROUP, PLLC | FENTON, FENTON, SMITH, |
| P.O. Box 2448 | RENEUA & MOON |
| Oklahoma City, OK 73101 | 211 North Robinson, Suite 800N |
| Telephone:  (405) 510-0077 | Oklahoma City, OK 73102 |
| | Telephone: 405-235-4671 |
| And | Facsimile: 405-235-5247 |
| | *Attorneys for Defendant, Monica Baker Agency, Inc.* |
| Sherman Reed, OBA #11971 | |
| SHERMAN A. REED, P.C. | |
| 1701 South Kelly Ave. | |
| Edmond, OK 73013 | |
| Telephone: (405) 844-9900 | |
| Facsimile: (405) 844-9958 | |
| *Attorneys for Plaintiffs* | |

                                                   s/ RONALD L. WALKER