IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CASEY STRAHAN and<br>SHANTILLE STRAHAN,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY<br>and MONICA BAKER AGENCY, INC.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number CIV-14-1392-C |

MEMORANDUM OPINION AND ORDER

In August of 2012, Plaintiffs were renting a home in Luther, Oklahoma. On August 3, Plaintiffs' home lost electricity, so Casey Strahan went outside to determine what had caused that outage. He noticed a large cloud of black smoke in the distance and saw a large gathering of people at Luther Elementary School. He then went over to the school and learned that there was a large wildfire burning to the south of Luther. After speaking on the phone with his father, Plaintiff called Defendant Monica Baker Agency, Inc. ("MBA"), an Allstate Insurance Agency in Edmond, to discuss renter's insurance. Mr. Strahan spoke with Jessica Baals, an insurance representative, about acquiring renter's insurance. With Ms. Baals' assistance, Mr. Strahan filled out the insurance application over the phone and provided a credit card from which the payments for the policy could be deducted. Later than evening, Mr. Strahan received a confirmation e-mail from MBA that the policy had been purchased, along with documents including a policy binder stating that Allstate bound the policy in the amount of $40,000 effective at 5:28 p.m. on August 3, 2012. Later that evening,

Plaintiffs were advised to evacuate their home, as the fire had switched directions. When they returned home the next day, the home, along with all Plaintiffs' belongings, had been destroyed. Plaintiffs then made a claim on their renters' policy with Defendant Allstate. On August 13, 2012, Plaintiffs were informed by the adjustor that there was no coverage because the policy had never been bound. Unable to reach any resolution to their claim, Plaintiffs retained counsel. On August 1, 2014, Plaintiffs filed the present action in Bryan County, Oklahoma, asserting claims for breach of contract and bad faith against Defendant Allstate, and claims against Defendant MBA for promissory estoppel and negligent procurement.

One week after Plaintiffs' lawsuit was filed, Mr. Strahan received a confirmation e-mail from Allstate that a claim bearing a different number from his previous claim had been successfully submitted. A week later, on August 15, 2014, Plaintiffs' counsel received a letter from Defendant Allstate's counsel including a check in the amount of $52,115.38, representing the personal property insurance limits plus interest. Plaintiffs cashed the check by deposit to their attorney's trust account on September 18, 2014. The state court action was transferred from Bryan County to Oklahoma County. On November 25, 2014, Plaintiffs answered Defendant Allstate's discovery requests. On December 16, 2014, relying on certain statements made by Plaintiffs in those discovery responses, Defendant Allstate filed its Notice of Removal bringing this case to this Court. As its basis for removal, Defendant Allstate asserts that Plaintiffs' joinder of MBA was fraudulent and, in the absence of that Defendant, complete diversity exists. According to Defendant Allstate, the claims against Defendant MBA cannot proceed as they are barred by Oklahoma law and Plaintiffs'

admissions in their discovery requests. In their responses to Plaintiffs' Motion to Remand, Defendants provide arguments which they assert render both of these claims without merit.

Initially, the Court notes that to be successful in their quest for removal, Defendants have a substantial hurdle to overcome.

> The burden of proof on a motion to remand is on the Defendants . . . as the removing parties to show that the instant action has been properly removed. . . . Where any substantial doubt concerning this Court's jurisdiction, exists, the case should be remanded. . . . When a removing defendant pleads fraudulent joinder, such defendant must support his claim with clear and convincing evidence.

Hart v. Wendling, 505 F.Supp. 52, 53 (W.D. Okla. 1980) (citing Town of Freedom, Okla. v. Muskogee Bridge Co., Inc. 466 F.Supp. 75 (W.D. Okla. 1978)). "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens, ___ U.S. ___, 135 S.Ct 547 (2014)). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted).

> The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof.

Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citing Wilshire Oil Co. of Tex. v. Riffe, 409 F.2d 1277 (10th Cir. 1969)).

Guided by these underlying standards, the Court will consider the merits of the parties' arguments. At the outset the Court notes that the parties spend a great deal of their briefing arguing about whether or not Defendant Allstate's Notice of Removal was timely. It is unnecessary to resolve this dispute because, even assuming that the removal was timely, Defendant has failed in its burden of demonstrating that the joinder of MBA was fraudulent.

As noted above, Plaintiffs brought two claims against Defendant MBA – promissory estoppel and negligent procurement. Thus, Defendants must establish that both claims are without merit before the joinder of Defendant MBA can be found to be fraudulent.

> "To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.*"

Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992)). The Tenth Circuit has stated the test for finding fraudulent joinder as follows:

> [T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. See Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000). A "reasonable basis" means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.

Nerad v. AstraZeneca Pharm., Inc., 203 F. App'x 911, 913 (10th Cir. 2006).

Under Oklahoma law "an insurance agent may be liable under either contract or tort theories for failure to obtain insurance." Swickey v. Silvey Cos., 1999 OK CIV APP 48, ¶ 8,

4

979 P.2d 266, 268. An insurance agency has a duty "to exercise reasonable care and skill in performing its tasks, i.e. procuring insurance" and may be "liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Id., ¶ 13, 979 P.2d at 269.

Defendant MBA argues that Plaintiffs cannot establish a claim for negligent procurement of insurance because Plaintiffs' answers to the discovery requests note that Plaintiffs have been paid for the fire loss via the insurance policy provided by Defendant Allstate through Defendant MBA. Thus, Defendant MBA argues, the facts are clear that Plaintiffs received the insurance requested and there can be no claim for negligent procurement.

In their argument for fraudulent joinder, Defendants unreasonably narrow the scope of Plaintiffs' claims. First, as noted above, the claim for negligent procurement of insurance can be a tort claim. Thus, Defendants' argument that payment of the insurance proceeds bars the claim misses the point. The facts before the Court demonstrate that, for more than a year, Plaintiffs' claim for insurance proceeds was denied. Plaintiffs argue this denial was a result of a failure by Defendant MBA to procure the insurance requested. That ultimately payment was made under an insurance policy does not eliminate the fact that Plaintiffs may have suffered other damage or loss as a result of mistakes or errors by Defendant MBA that led to the one-year delay. Thus, it cannot be said that there is no possibility of recovery against Defendant MBA by Plaintiffs. Consequently, Defendant Allstate cannot establish that

5

Defendant MBA was fraudulently joined, complete diversity is lacking, and remand is required.

For the reasons set forth herein, Plaintiffs' Motion to Remand (Dkt. No. 11) is GRANTED. The Court Clerk is directed to undertake the necessary steps to return this action to the District Court of Oklahoma County.

IT IS SO ORDERED this 19th day of February, 2015.

ROBIN J. CAUTHRON
United States District Judge